IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| JONATHAN R. BURRS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 1:18-CV-491 |
|  | ) |  |
| UNITED TECHNOLOGIES CORPORATION and WALTER KIDDE PORTABLE EQUIPMENT, INC, | ) | |
|  | ) |  |
| Defendant. | ) |  |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Catherine C. Eagles, District Judge.

This matter is before the Court on an uncontested motion to dismiss by defendants United Technologies Corporation and Walter Kidde Portable Equipment, Inc. Plaintiff Jonathan R. Burrs has filed suit against Walter Kidde twice before, and the Court rendered final judgment on the merits in both cases. Because Mr. Burrs' current claims are based on the same set of operative facts as these prior adjudications, his current claims are precluded, and the defendants' motion to dismiss will be granted.

**I.  Facts and Procedural Background**

Mr. Burrs filed this action *pro se* under the Civil Rights Act of 1866, 42 U.S.C. § 1981. Doc. 1 at 1; Doc. 20 at 1.[1] He alleges that his former employer, Walter Kidde,

---

[1] Mr. Burrs filed his initial complaint on June 8, 2018, Doc. 1 at 1, and the defendants responded with a motion to dismiss. Doc. 16. Nearly three weeks later, Mr. Burrs filed an amended complaint that appears virtually identical to the original complaint. *See* Doc. 20. For

and its parent company, United Technologies, discriminated against him on the basis of race, harassed him, retaliated against him, created a hostile work environment leading to his constructive discharge, and intentionally inflicted emotional distress. Doc. 20 at 1.

Mr. Burrs has sued Walter Kidde in this Court twice before. In August 2016, he brought suit under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, alleging that Walter Kidde retaliated against him for reporting that certain software used by the company was susceptible to fraud. Compl., *Burrs v. Walter Kidde Portable Equip., Inc.*, No. 16-CV-1018, Doc. 1 at 1, ¶¶ 12, 13, 20–21 (M.D.N.C. Aug. 1, 2016) (SOX suit). In September 2016, he brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., alleging a myriad of discriminatory and retaliatory conduct by Walter Kidde. Compl., *Burrs v. Walter Kidde Portable Equip., Inc.*, No. 16-CV-1149, Doc. 1 at 1, ¶¶ 2, 10–35 (M.D.N.C. Sept. 16, 2016) (Title VII suit). The Court dismissed every claim raised in both suits on the merits by granting judgment on the pleadings or summary judgment. *See Burrs v. Walter Kidde Portable Equip., Inc.*, No. 1:16-CV-1018, 2016 WL 10703622, at *2 (Nov. 15, 2016), *aff'd*, 697 F. App'x 195 (4th Cir. 2017); Order, *Burrs v. Walter Kidde Portable Equip., Inc.*, No. 1:16-CV-1149, Doc. 22 at 1, 4 (M.D.N.C. Apr. 13, 2017); *Burrs v. Walter Kidde Portable Equip., Inc.*, No. 1:16-CV-1149, 2018 WL 1626120, at *1, *4 (M.D.N.C. Mar. 30, 2018).

---

simplicity and to prevent duplicative citations, the Court will reference only the amended complaint going forward.

The defendants contend that the dispositions in these previous suits preclude the current suit through res judicata and collateral estoppel. Doc. 17 at 1. In the alternative, they maintain that Mr. Burrs has failed to allege sufficient facts to support a claim to relief, warranting dismissal under Rule 12(b)(6). *Id.* at 1, 8, 15–24. Mr. Burrs has not filed a response to the defendants' motion.[2]

## II. Discussion

### a. Standard

Claim preclusion[3] is an affirmative defense that typically must be pled in the answer. *See* Fed. R. Civ. P. 8(c)(1); *Iacaponi v. New Amsterdam Cas. Co.*, 379 F.2d 311, 312 (3d Cir. 1967). The issue may be raised in a motion to dismiss under Rule 12(b)(6) "only if it clearly appears on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).[4] Still, "when entertaining a

---

[2] Mr. Burrs has not responded to the defendants' motion to dismiss within the time limits specified under the Local Rules or the Court's text order extending the deadline for Mr. Burrs' response. *See* LR 7.3(f) (allowing a respondent 21 days from service of a motion to file a response if he or she wishes to oppose the motion); Doc. 16 at 6 (defendants' motion to dismiss, certifying that defense counsel sent the motion to Mr. Burrs by overnight courier and email on September 14, 2018); Text Order 10/09/2018 (extending the deadline for Mr. Burrs to respond to defendants' motion to dismiss until October 22, 2018). "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR 7.3(k).

[3] "The term res judicata is sometimes used to describe the preclusive effect of previous judgments on specific issues that have been decided (issue preclusion) and on claims that were or could have been litigated (claim preclusion). Following the Supreme Court, we seek to avoid confusion by using the term claim preclusion instead of res judicata." *Kutzik v. Young*, 730 F.2d 149, 150 n.* (4th Cir. 1984) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)).

[4] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Here, the facts material to the claim preclusion analysis are undisputed and are contained in the amended complaint, in Mr. Burrs' complaints in the Title VII and SOX cases, and in the Court's orders in those cases. The Court takes judicial notice of the record facts in those cases that are material to resolving the present motion.

### b. Analysis

"Under the doctrine of claim preclusion, a prior judgment bars the relitigation of claims that were raised or could have been raised in the prior litigation." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). Specifically, a claim is precluded by prior litigation when three conditions are satisfied:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*In re Varat Enters.*, 81 F.3d 1310, 1315 (4th Cir. 1996). In the present action, each condition has been satisfied.

The Court issued a final judgment on the merits in both of Mr. Burrs' previous suits against Walter Kidde. The Court rendered final judgment on the merits of Mr. Burrs' SOX suit when it granted Walter Kidde's motion for judgment on the pleadings and dismissed the claim. *See Burrs*, 2016 WL 10703622, at *2, *aff'd*, 697 F. App'x 195; *see also Chandler v. Forsyth Tech. Cmty. Coll.*, 294 F. Supp. 3d 445, 452 (M.D.N.C.

4

2018) (noting that a grant of a motion for judgment on the pleadings under Rule 12(c) operates as a final judgment on the merits for claim preclusion purposes). The Court rendered final judgment on the merits of Mr. Burrs' Title VII suit when it granted Walter Kidde's motion for judgment on the pleadings as to all but one of the claims in the suit, see Order, *Burrs*, No. 1:16-CV-1149, Doc. 22 at 1, 4, and then granted summary judgment on the lone remaining claim, dismissing the entire suit with prejudice. *See Burrs*, 2018 WL 1626120, at *1, *4; Judgment, *Burrs v. Walter Kidde Portable Equip., Inc.*, No. 1:16-CV-1149, Doc. 64 (M.D.N.C. Mar. 30, 2018); *see also Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 n.3 (4th Cir. 1984) ("For purposes of *res judicata*, a summary judgment has always been considered a final disposition on the merits.").

The Court had jurisdiction over Mr. Burrs' SOX and Title VII suits under 28 U.S.C. § 1331 (providing jurisdiction over claims under federal law), and no contention was raised in those cases or in the present suit that any due process rights were violated. Thus, the SOX and Title VII suits satisfy the first condition for claim preclusion to apply.

As to the second condition, Mr. Burrs only sued Walter Kidde in his SOX and Title VII claims, *see* SOX Compl., No. 16-CV-1018, Doc. 1 at 1; Title VII Compl., No. 16-CV-1149, Doc. 1 at 1, and has added United Technologies to the present suit, which he maintains is the "parent company" of Walter Kidde.[5] Doc. 20 at 1. The parent-subsidiary relation establishes a "sufficient commonality of interest to meet the privity

---

[5] The defendants do not dispute this assertion, *see* Doc. 17 at 10, and the Court regards it as an undisputed fact for purposes of deciding this motion. *Cf. Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) ("[T]here is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law.").

requirement." *See Lopez v. MUFG Union Bank, N.A.*, No. SACV 15–1354–JLS (KESx), 2016 WL 9686990, at *5 (C.D. Cal. Mar. 30, 2016) (citing cases finding that a parent company is in privity with its subsidiary for res judicata purposes). Thus, of the two defendants in the present suit, one was a defendant in the prior suits and the other, while not a defendant in the earlier suits, is in privity with the defendant that was a party to the prior suits. This satisfies the second condition for claim preclusion to apply.

As to the third condition, the question is whether the claim in the present suit is "based upon the same cause of action involved" in the SOX or Title VII proceedings. *See In re Varat Enters.*, 81 F.3d at 1315. There is "no simple test" to determine whether a claim is based upon the same cause of action for claim preclusion purposes, *Grausz v. Englander*, 321 F.3d 467, 473 (4th Cir. 2003), but the general inquiry is whether the claims "arise out of the same transaction or series of transactions, or the same core of operative facts." *In re Varat Enters.*, 81 F.3d at 1316. This is a fact-specific inquiry, and courts look to factors such as the relatedness of the current and prior claims in "time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." *Pittston Co.*, 199 F.3d at 704. Application of these factors reveals that the present suit is based on the same core of operative facts as Mr. Burrs' SOX and Title VII suits.

In the present suit and in the SOX and Title VII suits, Mr. Burrs alleged that the facts giving rise to the complaint occurred between May 12, 2014, and November 2,

6

2015, at his place of work in Walter Kidde's North Carolina office.[6] *See* Doc. 20 at ¶¶ 5, 11–80; SOX Compl., No. 16-CV-1018, Doc. 1 at ¶¶ 4–6, 10–46; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶¶ 5–7, 10–35. In the present action, Mr. Burrs requests relief for the same alleged misconduct by the same actors that was asserted in his SOX claim, in his Title VII claim, or in both. The central facts alleged in the present suit were similarly alleged in his earlier complaints. For example:

1. Mr. Burrs contends that, in July 2014, his title was changed from "Senior Business Consultant/IT Business Consultant" to "Senior Analyst, Manufacturing Production." Doc. 20 at ¶ 15; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶ 10.

2. Shortly after his title change, Mr. Burrs asserts that he was denied access by members of Walter Kidde's IT Management team—Karol Fritz and Lee Deskus—to tools and documents "critical to his job," despite the fact that Ms. Fritz, a white female employee, had access to those same resources during her previous tenure serving in the same position Mr. Burrs occupied. Doc. 20 at ¶¶ 16–20; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶¶ 11–13.

3. Mr. Burrs maintains that he emailed Mr. Deskus in September of 2014 to protest the disparate access to resources between himself and Ms. Fritz. Doc. 20 at ¶ 21; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶ 14.

4. Mr. Burrs avers that Ms. Fritz instigated an ethics investigation into his conduct in October 2014, accusing him of violating company protocol. Doc. 20 at ¶ 24; SOX Compl., No. 16-CV-1018, Doc. 1 at ¶ 20; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶ 15.

5. He asserts that, on the day after the initiation of the ethics investigation, he was summoned to a meeting with Ms. Fritz and Curtis Thornton, a human resources manager, where he was "ambushed" and screamed at by Ms. Fritz. Doc. 20 at ¶ 25; SOX Compl., No. 16-CV-1018, Doc. 1 at ¶ 21; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶ 16.

---

[6] Mr. Burrs also asserts that the "illegal conduct occurred not only within this timeframe but continues through the present," Doc. 20 at ¶ 12, but he does not identify any acts, much less any misconduct, that occurred outside of this timeframe.

6. Mr. Burrs alleges that, shortly after this meeting, he shared with Mr. Thornton his concerns that he was being discriminated and retaliated against. As a result, he contends, Walter Kidde opened an investigation into the issues he raised. Doc. 20 at ¶¶ 26–29; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶ 17.

7. Mr. Burrs maintains that he attended a meeting in January 2015 with Andrea Sirko-DeLancey, the human resources director, and Suzanne Turner, a senior manager, where both verbally attacked him, calling him a "poor communicator" and "arrogant." Doc. 20 at ¶¶ 30–31; SOX Compl., No. 16-CV-1018, Doc. 1 at ¶ 29; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶ 18.

8. Mr. Burrs alleges that, shortly after this meeting, Mr. Thornton began scrutinizing his attendance at work, sending him a warning about sick leave he had recently taken and complaining about his late arrival to work, which was caused by inclement weather. Doc. 20 at ¶¶ 32–35; SOX Compl., No. 16-CV-1018, Doc. 1 at ¶¶ 30–31; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶¶ 19–22.

9. Mr. Burrs asserts that he was given a negative and unfair performance review by Ms. Turner around February 2015. Doc. 20 at ¶¶ 41–50; SOX Compl., No. 16-CV-1018, Doc. 1 at ¶¶ 35–36; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶¶ 25–27.

10. He avers that he had applied for an IT Leader position in the company but that he was never interviewed. He alleges that the position was given to a white employee who was less experienced and qualified than he was. Doc. 20 at ¶¶ 51, 57–62; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶ 29.

11. Mr. Burrs asserts that an ethics director at United Technologies, Stephanie Murphy, investigated Mr. Burrs' complaints against Walter Kidde but declined to take action. Doc. 20 at ¶¶ 52, 63; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶¶ 28, 30.

12. Mr. Burrs maintains that he was publicly attacked and berated by Ms. Turner in an email on or about August 19, 2015, and then "excoriated" by her again after he responded in his own defense. Doc. 20 at ¶ 71; SOX Compl., No. 16-CV-1018, Doc. 1 at ¶¶ 39–40; Title VII Compl., No. 16-CV-1149, Doc. 1 at ¶ 31.

13. Mr. Burrs asserts that he was forced to take sick leave because of his "feeble" medical condition and the effects of the alleged harassment at work. He maintains that Ms. Turner further harassed him while he was out on sick leave by calling to ask when he would return to work. Doc. 20 at ¶¶ 73–74; SOX Compl., No. 16-CV-1018, Doc. 1 at ¶¶ 41–43.

The central allegations in Mr. Burrs' latest complaint are virtually identical to those alleged in his earlier lawsuits. To the extent there are differences, they are minor and would not have prevented him from raising his present claims in the prior litigation. *See Pittston Co.*, 199 F.3d at 704 (noting that claim preclusion also applies to claims that "could have been raised in the prior litigation."). This is not a case where the present claims arose after Mr. Burrs filed his earlier suits. *Contra Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017) ("[C]laim preclusion does not apply to claims that accrue after the filing of the operative complaint."). Nor is it a case where Mr. Burrs was somehow barred from asserting his present claims in earlier litigation. *Contra Leather v. Ten Eyck*, 180 F.3d 420, 424–25 (2d Cir. 1999) (holding *res judicata* inapplicable where plaintiff was barred from raising his current claims in prior litigation).

Mr. Burrs' current claims against Walter Kidde and United Technologies "arise out of the same transaction or series of transactions [and] the same core of operative facts" as his Title VII and SOX claims. *In re Varat Enters.*, 81 F.3d at 1316. These claims could—and should—have been raised in the prior litigation. As such, they are barred by claim preclusion. *See Pittston Co.*, 199 F.3d at 704.

### III. Conclusion

Mr. Burrs' SOX and Title VII suits against Walter Kidde were adjudicated on the merits. He brought his current suit against the same party as his earlier lawsuits—Walter Kidde—and a party that Kidde is in privity with, United Technologies. The present suit arose out of the same set of operative facts as his earlier claims and should have been

9

raised in the prior litigation.  For these reasons, Mr. Burrs' suit is barred by claim preclusion and must be dismissed.  *See In re Varat Enters.*, 81 F.3d at 1315.

Because this suit is barred by claim preclusion, the Court need not address the defendants' remaining contentions for dismissal.

It is **ORDERED** that the defendants' motion to dismiss, Doc. 16, is **GRANTED** and this case is **DISMISSED** with prejudice.

This the 2nd day of November, 2018.

UNITED STATES DISTRICT JUDGE