IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JONATHAN R. BURRS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-491 |
| | ) | |
| UNITED TECHNOLOGIES CORPORATION and WALTER KIDDE PORTABLE EQUIPMENT, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The Court by previous order dismissed this case—the third Mr. Burrs brought against his former employer, defendant Walter Kidde Portable Equipment, Inc.—on claim preclusion grounds, Docs. 23, 24, and found that a sanction of attorney's fees was appropriate under Rule 11 of the Federal Rules of Civil Procedure. Doc. 33 at 10–11, 16–17. The Court authorized the defendants to submit evidence as to those fees, which the defendants have done. Doc. 34. Mr. Burrs had an opportunity to object to the amount of the requested fees, Doc. 33 at 16–17, and he has not done so. The Court finds that the hours incurred by defense counsel were reasonable, but will reduce the hourly rates requested, as described below, and will enter judgment in the defendants' favor in the sum of $25,065.08.

Rule 11 speaks in terms of an "appropriate sanction" and specifically authorizes "reasonable attorney's fees and other expenses directly resulting from the violation."

Fed. R. Civ. P. 11(c)(1), (4). What constitutes a "reasonable" fee in the context of Rule 11 "must be considered in relation with the Rule's goals of deterrence, punishment, and compensation," and "'reasonable' does not necessarily mean actual expenses and attorney's fees." *Fahrenz v. Meadow Farm P'ship*, 850 F.2d 207, 211 (4th Cir. 1988).

Using the lodestar method, *see In Re Kunstler*, 914 F.2d 505, 523 (4th Cir. 1990), the Court finds that the time incurred by defense counsel was reasonable. It appears that almost all work was done by Mr. Reynolds, *see* Doc. 34-2, who is listed as "counsel." *Id.* at 14. A partner, Mr. Briggs, oversaw the matter but spent very little time on the case. *Id.* Thus, the record indicates that the defendants appropriately staffed the matter. The time sheets submitted show that only reasonable tasks were undertaken, that all time was related to the frivolous claims brought by Mr. Burrs, and that the amount of time spent on the tasks was reasonable.

Mr. Briggs charged an hourly rate of $585 and Mr. Reynolds charged $275 an hour. Doc. 34-2 at 3, 6, 14, 17. The record establishes that the hourly rates charged were reasonable for the Atlanta area, *see* Doc. 34-1 at ¶ 7, but the relevant market is the Middle District of North Carolina. *See Design Res., Inc. v. Leather Indus. of Am.*, No. 1:10CV157, 2016 WL 5477611, at *9–10, 13 (M.D.N.C. Sept. 29, 2016) (explaining that the correct manner of proving reasonable hourly rates is with affidavits of local lawyers who are familiar with the skill of the fee applicants and with the type of work in the relevant community). The burden is on the movant to show that a fee request is reasonable, *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 284 (4th Cir. 2006), and counsel's own averment as to the reasonableness of an hourly rate in Atlanta, Georgia, is

not sufficient to establish a reasonably hourly rate in the Middle District of North Carolina, which is the "relevant legal community." *Certain v. Potter*, 330 F. Supp. 2d 576, 589 (M.D.N.C. 2004); *accord Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009); *Morris v. Lowe's Home Ctrs., Inc.*, No. 1:10CV388, 2012 WL 5338577, at *4 (M.D.N.C. Oct. 30, 2012) (Mag. J., memorandum opinion and order).

"In the absence of specific evidence regarding the prevailing market rate, the Court may establish a reasonable rate based upon its own knowledge and experience of the relevant market." *Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC*, 747 F. Supp. 2d 568, 593 (W.D.N.C. 2010); *accord Morris*, 2012 WL 5338577, at *5. In 2012, a Magistrate Judge in this District surveyed attorney's fee awards in the three judicial districts in this state and concluded in an employment discrimination case that $350 an hour was reasonable for a partner's time and $190 an hour was reasonable for an associate's time. *Morris*, 2012 WL 5338577, at *5.

Unlike in *Morris*, 2012 WL 5338577 at *3–4, the evidence here indicates that the partner involved had relatively little responsibility and that the brunt of the work was done, and responsibility assumed, by Mr. Reynolds. It is the Court's experience and recent cases in nearby districts reflect, that hourly rates in this market have risen since 2012, when rates were depressed by the recent financial downtown. *Compare Morris*, 2012 WL 5338577 at *5, *with Triplett v. N.C. Dep't of Pub. Safety*, No. 515-CV-00075-RLV-DCK, 2017 WL 3840422, at *2 (W.D.N.C. Sept. 1, 2017) (approving a $400 hourly rate), *and Taylor v. N.C. Dep't of Revenue*, No. 3:12-CV-00860-MOC-DSC, 2015 WL 4093828, at *3 (W.D.N.C. July 7, 2015) (approving hourly rates of $175 to $385 an hour

3

based on experience).  In light of these factors, the Court will adopt a slightly higher hourly rate than that approved by the Magistrate Judge in 2012 for an associate's time.

The Court will therefore approve Mr. Reynolds' time at an hourly rate of $220 and Mr. Briggs' time at an hourly rate of $350.  Multiplied by the reasonable time spent on the case as reflected in the record, the amount of reasonable attorney's fees comes to $25,013, plus costs of $52.08, for a total of $25,065.08.

This amount also matches up well with Rule 11's goals of deterrence and punishment.  *In re Kunstler*, 914 F.2d at 522.  As previously explained, Mr. Burrs' conduct was egregious, and he had several opportunities to withdraw his case before the Court imposed sanctions.  *See* Doc. 33 at 3–4, 8.  Each failure to withdraw increased the defendants' fees and costs.  Two previous monetary sanctions, one of $2,350 in expenses and attorney's fees and another of $1,535.75 in costs, did not deter Mr. Burrs.  *See* Text Order 12/14/2017, *Burrs v. Walter Kidde Portable Equip., Inc.*, No. 16-CV-1149 (*Burrs II*); Bill of Costs, *Burrs II*, No. 16-CV-1149, Doc. 67 (May 3, 2018).  Mr. Burrs has made no showing about his financial circumstances, and there is nothing to indicate that he does not have the ability to pay the attorney's fees the defendants incurred because of Mr. Burrs' bad faith litigation.  Therefore, a significant monetary sanction is appropriate.  *See In re Kunstler*, 914 F.2d at 523 (listing factors to consider in determining the amount of an attorney's fee sanction).

It is **ORDERED** that the defendants, United Technologies Corporation and Walter Kidde Portable Equipment, Inc., are entitled to recover and shall recover $25,065.08 in

attorney's fees and costs from the plaintiff, Jonathan Burrs, and judgment will be entered against the plaintiff in that amount.

This the 29th day of March, 2019.

_____
UNITED STATES DISTRICT JUDGE